UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LORETTA A. WESSEL | ) |
| | ) |
| Plaintiff, | ) Case No. 04 C 3246 |
| v. | ) |
| | ) Judge Joan B. Gottschall |
| VILLAGE OF MONEE, RUSS CARUSO, | ) |
| THOMAS GRUCA, BRIAN PETERS, | ) |
| LARRY TRENT, THAD LILLIS, STEVE | ) |
| COVEY, KEVIN MATTHIAS, PATRICK | ) |
| COLLINS, HERBERT HARDY, DELORES | ) |
| ARCHIE, VICTOR MARKOWSKI, | ) |
| PATRICK J. CALLAGHAN, ZACHARY | ) |
| PETERS, THE STATE OF ILLINOIS, | ) |
| AND JOHN AND JANE DOES, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION & ORDER

Plaintiff Loretta A. Wessel filed an Amended Complaint (the "Complaint") alleging, in twenty-two counts, that Defendants Village of Monee, Russ Caruso, Thomas Gruca, Brian Peters (collectively, the "Monee Defendants"), Thad Lillis, Steve Covey, Patrick Collins, Delores Archie, Kevin Matthias, Herbert Hardy, Victor Markowski, Patrick J. Callaghan, Larry Trent, and Zachary Peters (collectively, the "Illinois Defendants")[1] violated her rights under the United States Constitution by arresting, investigating and prosecuting Wessel for soliciting sex from an undercover officer in violation of 720 Ill. Comp. Stat. 5/11-14 (the "Prostitution Statute"), a charge to which she pled guilty, but later challenged in an appeal that was rejected by an Illinois Appellate Court on August 14, 2009. *See People v. Wessel*, No. 03-CM-2155, slip op. (Ill. App. Ct.

---

[1] The court will refer to the Monee Defendants and the Illinois Defendants collectively as Defendants.

Aug. 14, 2009).[2]  Wessel also brings eighteen separate claims under Illinois state law. Defendants now move to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I. LEGAL STANDARD

Rule 12(b)(6) allows a defendant to seek dismissal of a complaint that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). On a Rule 12(b)(6) motion the court must accept as true the allegations of the complaint and draw all reasonable inferences in favor of plaintiff. *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (internal citation omitted). Legal conclusions, however, are not entitled to any assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009). To survive a Rule 12(b)(6) motion, "the complaint need only contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting Fed. R. Civ. P. 8(a)(2)). However, the allegations must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The plaintiff need not plead particularized facts, but the factual allegations in the complaint must be sufficient to "state a claim to relief that is plausible on its face[.]" *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1940 (citing *Twombly*, 550 U.S. at 556).

---

[2]  This order was proffered to the court at a status hearing held on September 16, 2009.

## II. BACKGROUND

The Complaint stems from Wessel's arrest on May 7, 2003 on prostitution charges. Over a year after Wessel filed her initial complaint, the court stayed these proceedings pending the final resolution of the criminal complaint against Wessel in Illinois state court. *See* June 6, 2005 Order (Doc. No. 17) (entering a stay pursuant to *Younger v. Harris*, 401 U.S. 37 (1971)). The court lifted the stay on June 18, 2008 on Defendants' oral motion. *See* June 18, 2008 Order (Doc. No. 36). Defendants filed the instant motions to dismiss the Complaint on November 22, 2008.[3]

The Complaint alleges that Defendants violated the First, Fourth, Fifth, Eighth, Ninth, Tenth and Fourteenth Amendments to the United States Constitution in the course of investigating arresting and prosecuting Wessel for prostitution; the Fourteenth Amendment claims arise under both the due process and equal protection clauses. *See* Compl., Count 1 ¶¶ 25 & 26. The equal protection claim emerges out of allegations that Wessel's prosecution for prostitution was impermissibly based on her gender and that the arrest was part of a pattern of unlawful gender-based prosecutions executed by Defendants. *See id.* Wessel also challenges the constitutionality of the Prostitution Statute and a Village of Monee Ordinance (the "Ordinance"), *see id.* ¶ 20, the latter of which criminalizes the operation of a brothel, both on their face and as applied, for

---

[3] The Illinois Defendants (with the exception of the State of Illinois) answered the Complaint on December 8, 2004. When the court lifted the stay on June 18, 2008 Defendants were ordered to answer or otherwise plead by July 18, 2008 and granted leave to amend answers already on file by the same date. *See* June 18, 2008 Order (Doc. No. 36). After the court granted Defendants a number of extensions to file responsive pleadings, the Monee defendants and the Illinois Defendants filed motions to dismiss. *See* Mots. (Doc. Nos. 45 & 48). The Illinois Defendants, however, never requested leave to file a motion to dismiss, even though they had previously filed an answer. *See* Answer to Am. Compl. Doc. No. 16. Even so, the court considers the Illinois Defendants' motion, as Wessel responded to the arguments raised in the motion and did not otherwise object to the motion based on the Illinois Defendants' previously filed answer.

3

violating the constitutional rights listed above. *See id.* ¶ 26. For instance, Wessel's First Amendment claim alleges that the Ordinance and Prostitution Statute infringe on her ability to perform sacred ritual practices "including . . . the administration of nurturing, healing sacred massage." *Id.*, Count I ¶ 26(f).

Wessel's eighteen state-law counts seek relief under various Illinois common law and statutory causes of action, among others, false arrest, negligence, wanton conduct, intentional infliction of emotional distress, battery, assault, and trespass.

## III. ANALYSIS

Defendants contend that the Complaint must be dismissed because (1) *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994), held that a claim under § 1983 is not cognizable where the resolution of the claim "would necessarily imply the invalidity" of a state-court sentence; (2) Wessel is collaterally estopped from litigating her state law and non-*Monell* § 1983 claims because she litigated the same issues in her state court criminal proceeding; (3) the § 1983 and § 1985 counts fail to state claims under Rule 12(b)(6); and (4) Defendants are immune from liability for their actions under the Illinois Government Tort Immunity Act, 725 Ill. Comp. Stat. 10/2-202.

### A. Does *Heck* bar Wessel's suit under § 1983?

*Heck* held, *inter alia*, that where a prisoner seeks damages for constitutional violations under § 1983,

> the district court must consider whether a judgment in favor of the Plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 487. Defendants contend that this requirement mandates the dismissal of Wessel's complaint because Wessel has not alleged and cannot show that her sentence for prostitution was invalidated in state or federal court. *See* Resp. 4 (citing *Heck*, 512 U.S. at 488). But *Heck* does not bear on Wessel's claims in the easy manner that Defendants suggest. The requirement that prisoners demonstrate the invalidity of their sentences before being allowed to bring suit under § 1983 was designed to serve "the practical objective of preserving limitations on the availability of habeas remedies[, which] may be granted only after other avenues of relief have been exhausted." *Muhammed v. Close*, 540 U.S. 749, 751 (2004) (explaining the rationale behind *Heck*'s so-called "favorable determination" requirement). *Heck* is, accordingly, inapplicable where *habeas* "review is unavailable—either because a plaintiff's custody has expired or because he was never 'in custody' as a result of the defendants' contested actions." *Simpson v. Nickel*, 450 F.3d 303, 307 (7th Cir. 2006) (citing *Muhammed*); *see also Weiss v. Ind. Parole Bd.*, 230 Fed. Appx. 599, 601 (7th Cir. 2007) (citing *Simpson*) (The *Heck* "bar . . . is limited to prisoners who are 'in custody' and therefore are able to seek [*habeas*] review.").

While the docket reflects that Wessel was sentenced to one year of court supervision,[4] *see* Doc. No. 55-1, neither the record nor the Complaint reveal when Wessel's sentence was imposed, whether it has been completed, or whether Wessel ever filed a habeas petition. The court is thus unable to establish whether collateral review of Wessel's prostitution sentence is available under the federal habeas statute, 28 U.S.C. § 2254, a prerequisite to the imposition of the *Heck* bar.

---

[4] Court supervision constitutes "custody" under 28 U.S.C § 2254.

5

The implication of this indeterminacy is uncertain in this posture. *Heck* burdens a *prisoner* seeking § 1983 relief that would "necessarily imply the invalidity of his conviction" with establishing that his conviction "has already been invalidated" in order to successfully state a claim. *Heck*, 512 U.S. at 485. But this requirement presumes that the complainant is a prisoner, who by definition meets the custody requirement of § 2254. Here, the court cannot make this assumption, as the complaint does not allege that the Wessel is "in custody," and Defendants have not presented any legal documents from which the court might take judicial notice of that fact. It would be improper, then, to place the burden on Wessel definitively to show the inapplicability of the *Heck* bar to her claims in these circumstances and Defendants have pointed to no authority requiring the court to do so. *Cf. Brown v. City of Chi.*, No. 04 C 8134, Slip Op. at 8 (N.D. Ill. Nov. 11, 2006) (Darrah, J.) (finding *Heck* inapplicable and allowing plaintiff to proceed on § 1983 challenge to state criminal conviction where federal habeas petition was denied because the petitioner was no longer in custody). The court rejects *Heck* as a basis for dismissal.

### B. Collateral Estoppel

"Issue preclusion (collateral estoppel) is an affirmative defense" not normally disposed of on a motion to dismiss, as it requires the consideration of matters outside the complaint. *See Simpson*, 450 F.3d at 306. Defendants nonetheless urge the court to dismiss certain claims in the Complaint based on the public record[5] of Wessel's state-court challenge to her conviction. While the court may "take judicial notice of matters in the public record" on a motion to dismiss, *Henson v. CSC Credit Servs.*, 29 F.3d 280 (7th

---

[5] Defendants' memorandum asked the court to rely on Wessel's briefs before the trial court to decide whether Wessel's arguments were precluded, but subsequently tendered to the court a copy of the Illinois Appellate Court's order denying Wessel's appeal from the Illinois circuit court's judgment against her.

6

Cir. 1994), and use those records to determine the preclusive effect of prior judicial decisions and arguments, *see Anyere v. Wells Fargo, Co.*, No. 09 C 2769, 2010 WL 1292494, at *2 (N.D. Ill. Mar. 29, 2010), the court declines to do so here. Summary judgment is better suited to resolving such disputes, particularly because the party opposing issue preclusion may wish to put forth evidence that it "did not have a full and fair opportunity to litigate the issue in the earlier proceeding" in order to defeat the preclusive effect of a prior decision. *See Kunzelman v. Thompson*, 799 F.2d 1172, 1176 (7th Cir. 1986). In any event, Defendants have not argued that Wessel previously litigated her equal protection claim; thus, issue preclusion, even if applied at this juncture, would not dispose of all of Wessel's well-pled claims.

### C. Notice

Defendants next contend the Complaint runs afoul of *Twombly* because its allegations (1) are too conclusory, (2) do not specify what wrongdoing the Village of Monee police officers allegedly committed, and (3) do not plead facts consistent with the Monee defendants' involvement in the facts underlying Wessel's § 1983 claims.

The twenty-two page Complaint contains specific factual allegations that belie Defendants' position that Wessel's allegations are conclusory. For instance, paragraph 26(b) of the Complaint (when read, as it must be, alongside Wessel's other allegations) adequately notifies Defendants that Wessel is alleging that the enforcement of the prostitution law against her violated the equal protection clause of the Fourteenth Amendment because it was impermissibly motivated by her gender. Compl., ¶ 26.b. That paragraph also adequately states a cause of action against the Village of Monee under *Monell* because it alleges that the gender-based enforcement of the prostitution

7

statutes she challenges was a regular pattern or practice. *Id.* This level of specificity is all the federal rules require—even after *Twombly*.

Defendants' protestations that Wessel has not alleged that "any village police officers were involved in her arrest," Mem. 11, and that this "negates her § 1983 claims against them," do not support dismissal. Wessel has alleged a number of constitutional violations in her complaint, some of which hinge on Wessel's actual arrest, *see, e.g.*, Compl. ¶¶ 15, 16, and others of which are based on actions taken before and after the arrest. *See id.* ¶¶ 14, 18. Wessel has specifically alleged that the Monee Defendants unconstitutionally targeted her for arrest based on her gender, *see id.* ¶¶ 14 & 26.b, and violated her constitutional rights after she was taken to the Village of Monee police station. *See id.* ¶ 18 (alleging that she continued to be interrogated even after communicating to certain Monee Defendants that she wished to exercise her Fifth Amendment right against self-incrimination). These allegations are enough to put Defendants on notice of Wessel's § 1983 claims against them.

With respect to the constitutional violations incident to her arrest, Wessel has alleged that unknown Village of Monee police officers or the Illinois State Police Department along with specific Illinois Defendants were involved in the arrest. *See id.* ¶ 11, 16. Defendants are correct that the individual Monee Defendants have not been put on notice of their liability for actions that occurred at Wessel's home on the day of her arrest, but such an omission is not cause for dismissal of the Complaint or the individual Monee Defendants. If Wessel wishes to state a claim against the "John Doe" Village of Monee police officers mentioned in the Complaint, she will eventually need to name them and ask leave of the court to do so. As discussed in the paragraph above, however,

Wessel has adequately alleged that the individual Monee Defendants committed other constitutional violations before and after her arrest at her home, and she has sufficiently alleged that specific actors committed the constitutional violations attendant to her arrest; that is all the federal rules require.[6]

Defendants next take issue with each of Wessel's state law counts, urging their dismissal for failure to adequately plead the elements of these claims and for failing to specify to whom the claims are directed. Mem. 11-17. With respect to Wessel's counts for false arrest (Count V), intentional infliction of emotional distress (Count VII.b), trespass (Count XV), invasion of privacy (Count XVI) and false light (Count XVIII), Defendants complain that these counts merely reallege all the factual allegations pled elsewhere in the complaint "without specifying to which defendant the allegations apply or even to what action Defendants allegedly committed." Mem. 11. Defendants are correct that these counts are merely labeled with common-law causes of action which then incorporate all the factual allegations from the first twenty-six paragraphs of the complaint, but that structure is not *per se* improper under the federal notice pleading regime if the allegations in the complaint are sufficient to put Defendants on notice of the claims against them and state a claim that is facially plausible. *See Iqbal*, 129 S.Ct. at 1950 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."). For instance, a review of these twenty-six paragraphs of allegations reveals that Wessel specifies the defendants who were involved in

---

[6] The single case Defendants cite in support of these arguments, *Hildebrandt v. Ill. Dep't of Natural Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003), merely states the proposition that § 1983 requires personal involvement. As the court discussed *ante*, Wessel has adequately alleged that the Monee Defendants personally committed certain constitutional violations.

9

apprehending her and the circumstances surrounding her arrest. *See* Compl. ¶¶ 15-18. Defendants have not explained why the allegations in those paragraphs are insufficient to put them on notice of the allegations supporting Wessel's false arrest claim. Defendants' objections are likewise limited to form with respect to Wessel's trespass (Count XV) and invasion of privacy (Count XVI) counts, but the court finds that the Complaint adequately pleads those counts because the specific factual allegations supporting them are obvious. *See id.* ¶¶ 13-16.

Defendants' remaining challenges to Wessel's state law claims assert either that Wessel has not alleged all the necessary elements of the listed causes of action to ultimately prevail on her claims, or that certain affirmative defenses will defeat those causes of action. Before turning to the merits of these contentions it bears emphasizing that a plaintiff need not plead all the elements required to ultimately prevail in her cause of action, so long as the allegations in the complaint make clear that her claim is plausible on its face. *See Twombly*, 550 U.S. at 570. Moreover, affirmative defenses cannot defeat a claim at this stage unless the plaintiff has pled facts sufficient to establish those defenses and thereby plead herself out of court. *See* Fed. R. Civ. P. 8(c).

Defendants argue that Wessel's claims for intentional (Count VII(b))[7] and negligent (Count VIII) infliction of emotional distress should be dismissed because Wessel has not alleged that Defendants' conduct was extreme or outrageous and additionally because the conduct alleged by Wessel cannot be considered outrageous because Wessel's arrest was lawful. *See* Mem. 12. The court rejects the latter

---

[7] The Complaint numbers two sequential counts "VII." For clarity, the court refers to the first of those, styled "Willful, Reckless and Wanton Conduct," as Count VII(a) and the second, "Intentional infliction of Mental and Emotional Distress," as Count VII(b).

10

contention, as Wessel has alleged that Defendants conspired to prosecute her for prostitution for myriad *un*lawful reasons and the court must take these allegations as true on a motion to dismiss. As for whether Wessel has sufficiently alleged that Defendants' conduct was outrageous, Defendants are correct that the threshold for that characterization is quite high in Illinois. To qualify as "outrageous" the "recitation of the facts to an average member of the community [must] arouse his resentment against the actor, and lead him to exclaim [:] Outrageous!" *Honaker v. Smith*, 256 F.3d 477, 490 (7th Cir. 2001) (quoting *Doe v. Calumet City*, 641 N.E.2d 498, 507 (1994)) (internal quotation marks omitted). But apart from reiterating their merits argument that Wessel's arrest was legal, Defendants have not specified why Wessel's allegations could not satisfy the standard for extreme or outrageous conduct.. Absent such guidance from the defense, the court does not independently find that Wessel has failed to plead facts which a jury might ultimately find outrageous. Indeed, the court is particularly reluctant to find that Defendants' actions could not qualify as outrageous because numerous factors, including the "control which a defendant has over the plaintiff," *id.* at 491, can properly contribute to a a jury finding that acts were "outrageous." The Complaint alleges facts which, if true, show that Defendants exercised a significant amount of control over Wessel.

Next, Defendants ask the court to dismiss Wessel's negligence count (Count VI) for failing to "allege a duty" that Defendants breached, and her "Willful, Reckless and Wanton Conduct" count (VII(a)) for failing to set out the "who and what" of her cause of action. Defendants are correct that Count VI does not set out a duty of care, and Wessel's factual allegations involve willful – not negligent – conduct. After *Twombly*,

the court cannot find that the Complaint as pleaded states a claim sounding in negligence. Accordingly, Count VI is dismissed without prejudice.

Wessel's claim for willful, reckless, and wanton conduct (Count VII(a)), however, is adequately pled when read in light of the Complaint's other allegations (incorporated into the count by reference). The Complaint belies Defendants' contention that Wessel has failed to allege the "who and the what" of this cause of action. Wessel has alleged that all of the Defendants committed a variety of specific acts against her willfully and wantonly. *See* Compl., ¶¶ 1-26. The Complaint's factual allegations (again, incorporated by reference) provide even more specificity when mapped on to the allegations specifically enumerated in Count VII(a). *See id.*

Defendants' objections to Wessel's assault and battery claims (Counts IX & X) are without merit because they proceed from Defendants' position – unsupported by the Complaint – that Wessel's arrest was lawful. Defendants make a similar error when they assert that Wessel's defamation and false light claims (Counts XVII & XVIII) are deficient because the fact that she engaged in prostitution is true. While truth is a complete defense to defamation and false light claims, affirmative defenses generally cannot defeat claims at the pleading stage. Wessel has not admitted that she engaged in prostitution. She contends that her actions constitute protected behavior that cannot be the subject of criminal prosecution consistent with the United States Constitution.

Defendants make a similar error in challenging Wessel's claim for common-law fraud and deceit. While it may be true, as Defendants maintain, that police sting operations "are not illegal or disreputable," *Hensley v. Carey*, 818 F.2d 646, 650 (7th Cir. 1987), Wessel has alleged that the sting against her was motivated by a discriminatory

12

animus and was therefore illegal. Defendants have provided no authority stating that a claim for common law fraud and deceit cannot stand in such circumstances, and the court has not otherwise located cases that so hold. Accordingly, the court finds Count XIX well-pled.

Defendants also protest that a failure to give a *Miranda* warning is not actionable under § 1983; they are correct. *See Hensley v. Carey*, 818 F.2d 646, 650 (7th Cir. 1987). But it does not appear that Wessel is alleging that Defendants' failure to issue her a *Miranda* warning was a *per se* violation of her constitutional rights. Rather, she alleges that the failure to issue her a *Miranda* warning was a fact incident to the alleged violations of her rights under the Fourth and Fifth Amendments. *See* Compl. ¶ 18.

### D. Claims under 42 U.S.C. § 1985

Defendants urge that Wessel's § 1985 claims are not cognizable because an Illinois state court has found the Prostitution Statute constitutional and Wessel has admitted to violating the statute by pleading guilty. *See* Mem. 15 n. 5. This court has jurisdiction to review whether state laws violate the United States Constitution, and an Illinois state court judgment (to which plaintiff was not a party) adjudicating the federal constitutionality of the prostitution statute, while persuasive, does not bind this court. Defendants have not explained how Wessel's guilty plea (which she later moved to withdraw) defeats her claim, and the court does not independently find that it does.

Defendants next argue that Wessel has failed to allege that she was part of a protected class, that she was discriminated against, or that Defendants "conspired to deprive her of equal protection" as required to state a claim under § 1985. Again, the Complaint undercuts this contention. *See* Compl., Count II, incorporating ¶¶ 26.b

13

(alleging that Defendants unlawfully conspired to prosecute her based on her gender). Wessel's § 1985 claim is adequately pled.

### E. Monell Claims

Wessel's *Monell* claims are insufficiently pled, according to Defendants, because they do not allege that Wessel's injury was the result of the enforcement of an express policy, a pattern of constitutional violations, or the failure to adequately train police officers. The Complaint contradicts these arguments. Wessel has alleged that Defendants "regularly and arbitrarily enforced" the Ordinance and the Prostitution Statute on the basis of gender. Compl. ¶ 26.b. This allegation alone is sufficient to state a claim under *Monell*. *See Baskin v. City of Desplaines*, 138 F.3d 701, 704-05 (7th Cir. 1998) (municipal liability can stem from unwritten practices that through custom and usage come to have the force of law). Wessel has also sufficiently alleged two other *Monell* claims by pleading that Monee failed to adequately train its officers in "proper investigatory techniques and procedures," Compl., Counts III ¶ 30, as well as procedures that would prevent Monee's police officers from subjecting "innocent persons to unwarranted surveillance, invasion of privacy, assault, battery, false imprisonment and unwarranted arrest and search." *Id.*, Count IV ¶ 30. While Defendants acknowledge these allegations, they assert that Wessel cannot prove them, or that she must prove more than she has alleged in order to prevail. These arguments are irrelevant at this stage because they go to the merits of Wessel's claims and not the sufficiency of the Complaint.

### F. Illinois Government Tort Immunity Act, 725 Ill. Comp. Stat. 10/2-202

All of Wessel's common law causes of action should be dismissed, according to Defendants, because the Illinois Government Tort Immunity Act, 725 Ill. Comp. Stat. 10/2-202, prohibits suits against public employees for acts or omissions "in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct," and Wessel has not adequately pled that Defendants' conduct was willful and wanton because her allegations in this regard are mere "formulaic recitations." These arguments are off the mark. "[C]onditions of a person's mind" may be pled generally, *see* Fed. R. Civ. P. 9(b), and Wessel has alleged that the Defendants acted willfully and wantonly, *see, e.g.*, Compl. Count VII(a), and has made other allegations, *see* Compl. ¶¶ 1-26, sufficient to raise her allegations of willful and wanton conduct "above the speculative level." *Twombly*, 550 U.S. at 555. Moreover, Defendants concede that "willful and wanton conduct" under Illinois law need not be intentional, though it must be more than "mere inadvertence, incompetence, or unskillfullness." *Carter v. Chi. Police Officers*, 165 F.3d 1071, 1080-81 (7th Cir. 1998). Wessel has pled allegations sufficient to pass this threshold.

### G. Sovereign Immunity

Wessel appears to seek relief against the state of Illinois in Count XXII of the Complaint under a theory of *respondeat superior*, but the State of Illinois is immune from suit under the Eleventh Amendment to the United States Constitution. *See Pennhurst v. Halderman*, 465 U.S. 89, 100 (1984). Wessel concedes this point. *See* Resp. 20. The State of Illinois is therefore dismissed from this suit.

15

## IV. CONCLUSION

The Monee Defendants' Motion to Dismiss, in which the Illinois Defendants joined, is granted in part and denied in part. Count VI is dismissed. The Illinois Defendants' Motion to Dismiss is granted in part and denied in part. The State of Illinois is dismissed from the case.

ENTER:

JOAN B. GOTTSCHALL
United States District Judge

DATED: May ___, 2010
June 14